UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CRIMINAL ACTION NO. 5:06-CR-23-TBR

UNITED STATES OF AMERICA,                                    PLAINTIFF

v.

DONTE LEMONTE DIXON,                                       DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant Donte Dixon's Motion to Run Sentences Concurrent. [R. 56.] The Government responded. [R.62.] Also, before the Court is Dixon's Motion to Appoint Counsel. [R. 61.] These matters are ripe for adjudication. For the reasons stated herein, Dixon's Motion to Run Sentences Concurrent, [R. 56], is **DENIED** and Dixon's Motion to Appoint Counsel, [R. 61], is **DENIED**.

On August 15, 2008, Dixon was sentenced to 151 months of imprisonment by this Court. [R. 25 at 3 (Judgment).] As noted in the Government's Response, at the end of the sentencing procedure, the following colloquy took place:

> DEFENSE COUNSEL: Judge, there is one issue, and I think the U.S. Attorney has no objection. [Dixon] currently has a state sentence which is in the process of revocation. It had not been revoked officially as of yesterday. I understand if it had been officially revoked, there could be some wording that it would run concurrent with this time, consistent with the recommendation. I just don't know what the court can do as far as putting anything in there.
>
> THE COURT: I don't think there's anything for me to run it concurrent with.
>
> DEFENSE COUNSEL: He has signed the papers and things already. It just hasn't—I don't know what the holdup is but . . .
>
> THE COURT: I just don't—I have no—there's no state revocation at this time, I understand, for me to run it concurrent with. Does the United—if it were there, would the government have any objection to it?

> THE UNITED STATES: No, Your Honor, we wouldn't. But the court is correct, the sentence would have to be in place as of today in order for the judge to run it concurrent. So it would be up to the state parole or whoever revokes it.
>
> THE COURT: Maybe they'll run theirs concurrent with—
>
> DEFENSE COUNSEL: I understand they are, Your Honor.
>
> THE COURT: Okay. It'll all come out the same either way. Under the terms of his plea agreement, he waived his right to appeal and collaterally attack this sentence?
>
> DEFENSE COUNSEL: Yes, Judge.

[R. 58 at 7-8 (Transcript of Sentencing Hearing)). On October 31, 2016, Dixon was released from federal prison. [R. 56; R. 62 at 3.] According to the Government, the state never ordered Dixon's revocation time to run concurrently with his federal sentence, and, in 2018, Dixon was returned to state custody to finish serving his state sentences—totaling thirteen years imprisonment. [R. 62 at 3.]

In March of 2012, Dixon filed a Motion to Execute Warrant and Run State Time Concurrent with Federal Sentence. [R. 28.] In that motion, Dixon requested that the Court run his federal sentence concurrent with his state sentences. [*Id*. at 2.] The Court denied this motion, finding it was without jurisdiction. [R. 42.] Now, six years later, Dixon repeats this previous request with another Motion to Run Sentences Concurrent.

In his motion, Dixon argues that his state sentences should have run concurrent with his federal sentence as "[i]t was stated in federal court at my final sentencing hearing it was agreed upon that my federal sentence would run with my state sentence . . . ." [R. 56 at 1.] As illustrated by the transcript from Dixon's sentencing hearing, it was not agreed upon that Dixon's federal sentence would run concurrent with his state sentence. [*See* R. 58 at 7-8.] Therefore, in

congruence with this Court's previous finding on this matter, Dixon's Motion to Run Sentences Concurrent, [R. 56], is DENIED.[1]

As mentioned above, Dixon also filed a Motion to Appoint Counsel. [R. 61.] The Court finds that Dixon was articulate in making his claims, and the issues at hand are not uniquely complex. Thus, the Court finds that the interests of justice do not require appointment of counsel. *See* 18 U.S.C. § 3006A. Dixon's Motion to Appoint Counsel, [R. 61], is **DENIED**.

## CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED**: Dixon's Motion to Run Sentences Concurrent, [R. 56], is **DENIED**, and Dixon's Motion to Appoint Counsel, [R. 61], is **DENIED.**

**IT IS SO ORDERED**.

**Thomas B. Russell, Senior Judge**
**United States District Court**

June 17, 2019

cc: Counsel of Record
Donte Lemonte Dixon, pro se
09304-033
CHRISTIAN COUNTY JAIL
410 W. Seventh Street
Hopkinsville, KY 42240

---

[1] Although Dixon does not ask for the retroactive application the rule from *Setser v. United* States, the Government points out that subsequent to Dixon's sentencing in federal court, the Supreme Court held in *Setser* that a district court does have the discretion to order that a federal sentence run consecutively or concurrently to a not yet imposed state sentence. [R. 62 at 4 (citing *Setser v. United States*, 566 U.S. 231, 236-37 (2012).] However, a number of hurdles prevent Dixon from reaching the *Setser* analysis in a 28 U.S.C. § 2255 motion, such as voluntary waiver of attacking his conviction in his plea agreement. [R. 62 at 5.] Moreover, many courts have found that *Setser* does not apply retroactively. *See United States v. Hopkins*, 568 F. App'x 143, 147 (3d Cir. 2014) (finding that the rule from *Setser* is not retroactive); *United States v. Profitt*, No. 3:06-CR-136-1, 2014 WL 408299, at *6 (S.D. Ohio Feb. 3, 2014) (noting in dicta that "the few courts that have analyzed *Setser* under the *Teague* retroactivity requirements have convincingly concluded that *Setser* does not apply retroactively").